UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Enterprise Bank & Trust,

     Plaintiff,

v.                               CASE NO. 8:24-cv-00933-SDM-LSG

CRS Standard Financial Technologies, Inc., et al,

     Defendants.
_____/

## ORDER

Asserting a civil theft claim under Section 772.11, Florida Statutes, Enterprise Bank & Trust sues (Doc. 1) CRS Standard Financial Technologies, Inc., and Nadezda Voronova. Although the record reveals proper service of process (Docs. 6-7), CRS and Voronova fail to answer the complaint or otherwise appear in this action. The clerk entered (Docs. 9-10) a default against both defendants. Enterprise moves (Doc. 17) for default judgment and submits (1) the affidavit of George P. Montgomery, Enterprise's Vice-President of Resolution Management; (2) Enterprise's written demand to the defendants as required by Section 772.11; (3) the settlement agreement; and (4) the parties' stipulated judgment for Enterprise.

## BACKGROUND

Around November 22, 2022, Voronova, acting on behalf of CRS, initiated fourteen Automated Clearing House ("ACH") transfers through Navy Federal Credit Union. (Doc. 17-1 at ¶ 5) Enterprise credited Voronova's account while the transfers

were pending. Before the transactions cleared, Voronova withdrew the credited funds and canceled the ACH requests. (Doc. 17-1 at ¶¶ 6-7) The account was overdrawn, resulting in Voronova's misappropriation of $118,488.36. (Doc. 17-1 at ¶ 8).

On February 21, 2023, Enterprise sent the defendants a written "Overdraft Demand and Civil Theft Notice" for the overdrawn account. (Doc. 17-2) The defendants retained counsel and on July 19, 2023, entered into a written settlement agreement with Enterprise establishing the defendants' liability — inclusive of an attorney's fee and an overdraft balance — at $131,313.36,[1] with interest accruing at 10% per year. (Doc. 17-1 ¶¶ 11-12; Doc. 17-3)

As consideration for the agreement, which provided a monthly plan to pay their debt to Enterprise, the defendants stipulated to a final judgment for Enterprise but effective only upon default of the monthly payments. (Doc. 17-3; Doc. 17-4) In this stipulation, the defendants waive all defenses and admit that they misappropriated money from Enterprise. (Doc. 17-4).

The defendants failed on November 19, 2023 to pay Enterprise under the settlement agreement after three months and left outstanding principal of $89,637.34[2] subject to 10% annual interest under the agreement. (Doc. 17-1 at ¶18)

Enterprise filed this action for civil theft and damages, but the defendants failed to respond. (Docs. 1, 9, and 10) Enterprise moved for default judgment for

---

[1] The settlement agreement fails to distinguish among the principal balance, the attorney's fee, and the overdraft balance.

[2] The motion and supporting affidavit are unclear as to whether this includes an attorney's fee.

$89,637.34 in principal, $10,689.64 in interest, and $5,279.17 in late fees,[3] which, with statutory treble damages, results in a judgment of $316.818.45.[4] Also, Enterprise seeks post-judgment interest of 9.38%[5] and a reasonable attorney's fee. (Doc. 17)

## DISCUSSION

By defaulting, the defendant admits a plaintiff's allegations of fact. *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed.Appx. 860, 863 (11th Cir. 2007). But the "district court must ensure that the well-pleaded allegations in the complaint state a substantive cause of action and that a substantive, sufficient basis exists in the pleadings for the particular relief sought." *James Gorman Insurance, Inc. v. Bankers Insurance Company*, 2018 WL 1863607, *1 (M.D.Fla., 2018). A defaulted defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citation and quotation omitted). The "court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003).

---

[3] Notably, neither the settlement agreement nor the stipulated consent for final judgment mention a late fee. (Doc. 17-2; Doc. 17-3)

[4] This includes the trebled amounts of $268,912.02 in principal (presumably including an attorney's fee of undisclosed value), $32,068.91 in interest, and a late fee of $15,837.51.

[5] Enterprise cites no statute fixing an interest rate, but presumably intends to apply Section 55.03, Florida Statutes.

## I. Liability

A claim for civil theft requires allegations that either (1) the defendant has stolen or embezzled money entrusted to the defendant and applied for the defendant's benefit or (2) the defendant holds the plaintiff's money in a segregated and identifiable account and refuses to return the money. *Young Heup Song v. Fish*, No. 5:23-CV-392-JSM-PRL, 2024 WL 2304363, at *5 (M.D. Fla. Apr. 17, 2024) (citing *Steel Media Group, LLC v. Lewis*, 2023 WL 1413043, at *13–15 (S.D. Fla. Jan. 6, 2023), report and recommendation adopted, 2023 WL 1332832 (S.D. Fla. Jan. 31, 2023)).

Here, although permitted to initiate ACH requests, the defendants were not permitted to cancel those requests and retain the proceeds. Once the scheme was uncovered, the defendants refused to return the money. In their stipulation to judgment, the defendants waived all defenses to Enterprise's civil theft claim and admitted that they knowingly obtained money from Enterprise with the intent to apply the money for their own benefit. (Doc. 17-3)

## II. Damages

Enterprise requests $316.818.45 from the trebled sums of $89,637.34 in principal, $10,689.64 in interest, and $5,279.17 in late fees. Enterprise additionally seeks post-judgment annual interest of 9.38% and a reasonable attorney's fee.

Section 772.11 provides that a civil theft plaintiff "has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts." The statute plainly confines trebling to "the actual

damages sustained," whereas the subsequent, independently conjoined phrase awarding "reasonable attorney's fees and court costs" denotes a distinct entitlement, not subject to trebling. Yet the affidavit and motion both reference an "outstanding balance in principal" that, under the settlement, is expressly "inclusive of attorneys' fees and overdraft balance." Because this commingling obscures the amount of actual damages subject to trebling as opposed to separately awardable fees and costs, the motion fails to establish with clarity the properly trebled sum.

Similarly, Enterprise requests $32,068.92 in prejudgment interest owed to them under the settlement agreement. This is improper because the 'actual damages' subject to trebling under the statute excludes prejudgment interest. *See Allstate Ins. Co. v. Palterovich*, 653 F.Supp.2d 1306, 1333 (S.D.Fla., 2009) ("To treble the amount of prejudgment interest awarded would therefore result in an unfair windfall to Plaintiffs.")

Enterprise seeks recovery of late fees but no supporting document establishes any contractual basis for this claim. Absent evidence showing that late fees were agreed by the parties or otherwise authorized by law, they are unrecoverable.

Finally, Enterprise requests a post-judgment annual interest rate of 9.38%, which is more than the applicable[6] federal interest rate of 3.61%.[7]

---

[6] *Walker v. Life Ins. Co. of N. Am.*, 59 F.4th 1176, 1193 (11th Cir. 2023) ("[P]ost-judgment interest is governed by federal law in diversity cases.")

[7] 28 U.S.C.A. § 1961 provides that post-judgment interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week (continued…)

## CONCLUSION

Because of errors, omissions, and ambiguities in its reckoning of the defendants' liability, Enterprise's motion for default judgment is **DENIED WITHOUT PREJUDICE**. No later than **October 21, 2025**, and in a single motion, Enterprise may again move for default judgment. In this amended motion, Enterprise must provide supporting documentation for (1) the principal amount, not including the attorney's fee, owed by the defendants and (2) the late fees alleged by Enterprise, as well as a damages computation that properly reserves trebling for actual damages and applies the federal post-judgment interest rate.

ORDERED in Tampa, Florida, on September 30, 2025.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

preceding. (sic) the date of the judgment." The Federal Reserve provides that such rate is 3.61% as of September 30, 2025. *Selected Interest Rates (Daily) – H.15*, Board of Governors of the Federal Reserve System, https://www.federalreserve.gov/releases/h15/.